**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ARLIN SOCORRO MOLINA NEGRON, JOSE PABLO BARLETTA SEGARRA AND THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM; VANESSA SAXTON ARROYO ON HER OWN BEHALF AND IN THE INTEREST OF THE MINOR A.I.G.S.; PLAINTIFFS BRING THIS CLASS ACTION ON BEHALF OF THEMSELVES AND A CLASS OF PERSONS ("CLASS MEMBERS") WHO HAVE BEEN SUBJECT TO ILLEGAL AND WRONG ACTIONS BY DEFENDANTS. UNKNOWN PLAINTIFFS.<br><br>PLAINTIFFS<br><br>VS<br>FRONTIER AIRLINES INC.<br>4545 AIRPORT WAY, DENVER, CO 80239<br>UNKOWN DEFENDANTS, UNKNOWN INSURANCE AGENCIES.<br><br>DEFENDANTS | **CLASS ACTION**<br><br>CIVIL NO. 3:25-cv-01592<br><br>COMPLAINT FOR:<br>U.S. CONSTITUTIONAL AND CIVIL RIGHTS CLAIMS (DUE PROCESS, EQUAL PROTECTION, AND RIGHTS UNDER 42 U.S.C. § 1983 AND § 1981; THE AIR CARRIER ACCESS ACT, 49 U.S.C. § 41705; THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12101 ET SEQ.; CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981; CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983; BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH; NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FEDERAL RULE OF CIVIL PROCEDURE 23(B)(2) AND (B)(3); SUPLEMENTAL JURISDICTION.<br><br>(DEMAND FOR JURY TRIAL) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (DKT. 14) AND REQUEST FOR LEAVE TO FILE OUT OF TIME FOR GOOD CAUSE SHOWN**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, through undersigned counsel, and respectfully submit this Opposition to Defendant Frontier Airlines, Inc.'s Motion to Dismiss (Dkt. 14), and in support thereof state as follows:

1. Plaintiffs begin by respectfully requesting that this Honorable Court accept this Opposition for good cause shown. The procedural posture of this case demonstrates that the Motion to Dismiss was, at one point, held in abeyance by Order of this Court, thereby creating a reasonable expectation that further proceedings would precede dispositive adjudication. Notwithstanding, Defendant later sought to lift such procedural posture and to have its dispositive motion deemed unopposed. Under these circumstances,

any delay in filing this Opposition is neither willful nor contumacious, but rather the product of procedural developments and the complexity of the issues raised. The First Circuit has repeatedly held that cases should be decided on the merits and not on technical defaults, particularly where no substantial prejudice is shown.

2. Dismissal at this stage, particularly by deeming the motion unopposed, would constitute an extreme and inequitable remedy that contravenes the strong federal policy favoring adjudication on the merits. Accordingly, Plaintiffs respectfully request that this Court exercise its discretion and consider this Opposition in full.

3. Turning to the merits, Defendant's Motion to Dismiss under Rule 12(b)(6) is premised on a fundamental mischaracterization of both the factual allegations and the governing law. Defendant attempts to frame the Complaint as conclusory and legally deficient, yet the Complaint sets forth a detailed factual narrative describing specific acts, identifiable misconduct, and concrete harm suffered by Plaintiffs in connection with Defendant's provision of air transportation services. At this stage, the Court must accept those allegations as true and draw all reasonable inferences in favor of Plaintiffs. Defendant's arguments improperly invite the Court to weigh evidence, resolve factual disputes, and make determinations that are inappropriate at the pleading stage.

4. Defendant's reliance on Twombly and Iqbal is selective and incomplete. Those cases do not impose a probability standard, nor do they permit dismissal where a complaint plausibly alleges entitlement to relief. Here, Plaintiffs have done precisely that. The Complaint goes beyond mere labels or formulaic recitations and instead alleges specific conduct, including discriminatory treatment, contractual breaches, and wrongful enforcement practices. These allegations, taken as true, easily satisfy the plausibility threshold.

5. Defendant's argument regarding the absence of a private right of action under the Air Carrier Access Act is legally insufficient to dispose of the case in its entirety. Even assuming arguendo that the ACAA does not provide a private damages remedy, a proposition Plaintiffs do not concede, the Complaint asserts multiple independent bases for relief. Defendant's Motion improperly conflates the

viability of one statutory theory with the viability of the entire action. The law is clear that dismissal of an entire complaint is improper where any cognizable claim survives.

6. Moreover, Defendant's assertion that Plaintiffs have failed to adequately allege a qualifying disability is a quintessential factual argument that cannot be resolved at the Rule 12(b)(6) stage. Plaintiffs have alleged medical conditions and resulting treatment that, when taken as true, plausibly fall within the broad statutory and regulatory definitions of disability. Whether such conditions ultimately meet the legal threshold is a matter for discovery and evidentiary development, not dismissal at the pleadings stage.

7. Defendant's arguments regarding DOT regulations similarly fail. While Defendant contends that such regulations do not create a private right of action, Plaintiffs' claims are not limited to standalone regulatory enforcement. Rather, the alleged violations are part of a broader pattern of unlawful conduct that supports independent causes of action, including but not limited to breach of contract, bad faith, and violations of federal civil rights statutes. Courts have consistently recognized that regulatory violations may serve as evidence of unlawful conduct even where they do not independently create a private cause of action.

8. Defendant's attempt to invoke the Americans with Disabilities Act as inapplicable is likewise overbroad and premature. The applicability of the ADA depends on factual context, including the nature of the facilities, services, and conduct at issue. Defendant's categorical assertion that the ADA does not apply ignores nuanced jurisprudence and improperly seeks to resolve fact-intensive issues at the pleading stage.

9. Defendant's preemption argument under the Airline Deregulation Act is particularly flawed and must be rejected. While the ADA preempts certain state-law claims "related to" airline services, the Supreme Court has made clear that such preemption is not boundless. Claims that are too tenuous, remote, or peripheral to airline services, or that arise from independent legal duties, are not preempted. Plaintiffs' claims are grounded in wrongful conduct that extends beyond routine airline operations, including discriminatory practices and bad-faith conduct, which fall outside the core concerns of federal preemption.

10. Furthermore, Defendant's reliance on its Contract of Carriage is misplaced at this stage. The interpretation, applicability, and enforceability of contractual provisions present mixed questions of fact and law that cannot be resolved on a motion to dismiss. More importantly, contractual provisions cannot shield a defendant from liability for unlawful or discriminatory conduct. Any attempt to use such provisions as a blanket defense raises serious issues of unconscionability and public policy that require factual development.

11. Defendant also improperly seeks dismissal of Plaintiffs' constitutional and civil rights claims by arguing lack of state action. However, the determination of state action is a fact-intensive inquiry that cannot be resolved solely on the pleadings where, as here, Plaintiffs have alleged conduct that may implicate joint action, governmental nexus, or entwinement with federal regulatory frameworks. At a minimum, Plaintiffs are entitled to discovery on these issues.

12. Defendant's Motion further ignores the class nature of this action. The allegations describe systemic practices affecting multiple individuals, raising issues that extend beyond isolated incidents. Courts routinely deny motions to dismiss where class allegations require factual development to determine their scope and viability.

13. Even if this Court were to find any deficiency in the Complaint, which Plaintiffs respectfully submit it should not, dismissal with prejudice would be inappropriate. Plaintiffs are entitled to amend their pleading under the liberal standard of Rule 15(a). The First Circuit has made clear that leave to amend should be freely granted, particularly where no undue delay, bad faith, or prejudice exists.

14. Finally, Defendant's attempt to have its Motion deemed unopposed must be rejected outright. Such a procedural shortcut cannot substitute for substantive judicial review, particularly where fundamental rights and substantial claims are at issue. The Court must independently evaluate the merits of the Motion, regardless of any alleged procedural default.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss (Dkt. 14) in its entirety, grant Plaintiffs' request to accept this Opposition for good cause shown, deny any request to deem the Motion unopposed, and grant any further relief this Court deems just and proper.

**RESPECTFULLY SUMBITTED** In San Juan, Puerto Rico, this 15 day of April, 2026.

*S/Pedro Tomás Berríos Lara* USDCPR 217611
420 Ponce de León Ave. Midtown Bld. Suite 607
San Juan, Puerto Rico 00919
(787)556-0440; pberrioslara@gmail.com

*S/Joseph F. Gierbolini,* USDCPR 229014
PO Box 191620 San Juan, PR 00919-1620
787-225-5367, juriszone@capr.org