**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ARLIN SOCORRO MOLINA NEGRON, JOSE PABLO BARLETTA SEGARRA AND THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM; VANESSA SAXTON ARROYO ON HER OWN BEHALF AND IN THE INTEREST OF THE MINOR A.I.G.S.; PLAINTIFFS BRING THIS CLASS ACTION ON BEHALF OF THEMSELVES AND A CLASS OF PERSONS ("CLASS MEMBERS") WHO HAVE BEEN SUBJECT TO ILLEGAL AND WRONG ACTIONS BY DEFENDANTS. UNKNOWN PLAINTIFFS.<br><br>PLAINTIFFS<br><br>VS<br>FRONTIER AIRLINES INC.<br>4545 AIRPORT WAY, DENVER, CO 80239<br>UNKOWN DEFENDANTS, UNKNOWN INSURANCE AGENCIES.<br><br>DEFENDANTS | **CLASS ACTION**<br><br>CIVIL NO. 3:25-cv-01592<br><br>COMPLAINT FOR:<br>U.S. CONSTITUTIONAL AND CIVIL RIGHTS CLAIMS (DUE PROCESS, EQUAL PROTECTION, AND RIGHTS UNDER 42 U.S.C. § 1983 AND § 1981; THE AIR CARRIER ACCESS ACT, 49 U.S.C. § 41705; THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12101 ET SEQ.; CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981; CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983; BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH; NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; FEDERAL RULE OF CIVIL PROCEDURE 23(B)(2) AND (B)(3); SUPLEMENTAL JURISDICTION.<br><br>(DEMAND FOR JURY TRIAL) |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S SEPTEMBER 21, 2026 ORDER AND INFORMATIVE MOTION REGARDING THE UNITED STATES AND VA CARIBBEAN HEALTH CARE SYSTEM**

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs, through their undersigned counsel, and respectfully submit this Motion for Clarification of the Court's September 21, 2026 Order, and in support thereof state as follows:

1. On September 21, 2026, the Court entered an Order directing Plaintiffs, by September 25, 2026, to file an informative motion stating whether Plaintiffs contend that the United States and the VA Caribbean Health Care System are proper parties in this case.

2. Plaintiffs respectfully seek clarification as to the basis for the Court's inquiry because, upon review of the Complaint as filed, neither the United States of America nor the VA Caribbean Health Care System was named as a Defendant or otherwise pleaded as a party to this action.

3. The Complaint expressly identifies Frontier Airlines, Inc. as the named Defendant, together with unidentified defendants and unidentified insurance agencies. The caption does not name the United States or the VA Caribbean Health Care System as defendants.

4. Likewise, the allegations concerning the parties identify the Plaintiffs and Frontier Airlines, Inc., while the reference to "Unknown Defendants and Unknown Insurance Agencies" is expressly limited to persons who may be liable for the conduct alleged in the Complaint.

5. The Complaint's causes of action arise principally from allegations concerning the conduct of Frontier Airlines, Inc. and its employees, including alleged denial of boarding, baggage-fee disputes, treatment of passengers, alleged discrimination, alleged failure to accommodate disabilities, and related contractual and tort claims.

6. The Complaint does contain allegations invoking federal constitutional and federal statutory provisions, including 42 U.S.C. §§ 1981 and 1983, the Air Carrier Access Act, and the Americans with Disabilities Act. However, the assertion of federal causes of action does not, by itself, identify the United States or the VA Caribbean Health Care System as defendants in this action.

7. Indeed, the Complaint's jurisdictional allegations invoke federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367. The

Civil Cover Sheet likewise identifies the basis of jurisdiction as federal question and identifies Frontier Airlines, Inc. as the defendant.

8. Accordingly, Plaintiffs do not contend that the United States or the VA Caribbean Health Care System is a proper party to this action as presently pleaded.

9. Neither the United States nor the VA Caribbean Health Care System is named as a defendant in the Complaint, and Plaintiffs have not asserted a cause of action against either of those entities in the pleading presently before the Court.

10. Plaintiffs therefore respectfully request that the Court clarify whether its September 21, 2026 inquiry is based upon a particular allegation, reference, or portion of the Complaint that the Court believes may implicate the United States or the VA Caribbean Health Care System.

11. Such clarification would permit Plaintiffs to respond precisely to the Court's concern and avoid any misunderstanding regarding the identity of the parties presently before the Court.

12. For avoidance of doubt, Plaintiffs' position is that the United States and the VA Caribbean Health Care System are not parties to this litigation, and Plaintiffs do not presently seek to assert claims against, join, or otherwise add either entity as a party.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court: clarify the basis for the inquiry contained in the September 21, 2026 Order concerning whether the United States and the VA Caribbean Health Care System are proper parties; note Plaintiffs' representation that neither the United States nor the VA Caribbean Health Care System is a party to this action and that Plaintiffs do not contend that either entity is a proper party under the Complaint as presently pleaded; and grant such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of September, 2026.

*S/Joseph F. Gierbolini,* USDCPR 229014
PO Box 191620 San Juan, PR 00919-1620
787-225-5367, juriszone@capr.org